[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 15-13818
Non-Argument Calendar
_____

D.C. Docket No. 6:15-cv-01028-PGB-TBS


HOOP CULTURE, INC.,
a Florida corporation,

Plaintiff - Counter Defendant
Appellant,

versus

GAP INC.,
a Delaware corporation,

Defendant - Counter Claimant
Appellee.

_____

Appeal from the United States District Court
for the Middle District of Florida
_____

(April 28, 2016)

Before HULL, MARCUS, and ROSENBAUM, Circuit Judges.

PER CURIAM:

In this action, Plaintiff Hoop Culture, Inc. ("Hoop Culture"), charges that Defendant GAP Inc. ("GAP") infringed and counterfeited its trademark, "EAT…SLEEP…BALL.®" by selling shirts with a virtually identical phrase, EAT SLEEP BALL, through its Old Navy brand.  After filing its complaint, Hoop Culture moved for a preliminary injunction to block GAP from selling items with the allegedly stolen mark.  The district court held a hearing and then denied preliminary injunctive relief, concluding that Hoop Culture was not substantially likely to succeed on the merits of its claims and that it had not demonstrated that it would suffer irreparable injury unless an injunction issued.  Hoop Culture now brings this interlocutory appeal from the denial of its motion for a preliminary injunction.  We have jurisdiction under 28 U.S.C. § 1292(a)(1).

## I. Background

We present the relevant facts as found by the district court.  Plaintiff Hoop Culture is a clothing and accessories brand that revolves around promoting the lifestyle associated with the game of basketball.  Hoop Culture is and continues to aspire to be a premium clothing brand.  At issue in this case is Hoop Culture's federal trademark, EAT...SLEEP...BALL.®, for which Hoop Culture obtained registration in January 2015.  Hoop Culture develops, markets, and sells clothing and accessories bearing this trademark, and it derives about 30% of its sales (and growing) from the sale of items bearing the mark.

2

Defendant Gap is a global retailer of clothing and accessories and is the parent company for a number of retail brands, including Old Navy.  In April 2014, Gap designed t-shirts for Old Navy's activewear product line bearing the phrase "EAT SLEEP BALL."  Beginning in 2012, Gap had manufactured other t-shirts with phrases such as EAT SLEEP WIN, EAT SLEEP SKATE, and EAT SLEEP PARTY REPEAT.  Gap's Active Graphics Manager testified that he had never heard of Hoop Culture or its products bearing the mark EAT...SLEEP...BALL.® when he designed the similar Old Navy shirts.  In total, Gap designed and manufactured approximately 115,000 shirts with the phrase EAT SLEEP BALL, which went on sale in March 2015.  As of the evidentiary hearing on August 10, 2015, approximately 36,000 shirts remained in Old Navy stores' inventory, and Gap expected to sell out of the shirts in October 2015.  Gap had no plans to sell products bearing EAT SLEEP BALL in the future.

Hoop Culture generally sells its t-shirts bearing the mark EAT…SLEEP…BALL.® for approximately $28 per shirt.  Old Navy has sold its corresponding shirts for as low as $4 per shirt.  Other than the ellipses used in Hoop Culture's shirt and the logos of each of the companies—Hoop Culture's shirt has HOOPCULTURE underneath the trademark, while Old Navy's shirt has a "boomerang" logo trademark—the shirts are "remarkably similar," according to the district court.  Hoop Culture's president testified that Hoop Culture produces

3

high-quality products, dedicates a substantial amount of resources to advertising and branding, and does not want to be associated with Old Navy.

Hoop Culture first learned of Gap's use of the mark in April 2015. In June 2015, Hoop Culture filed suit against Gap, alleging two counts under the Lanham Act: (1) infringement and/or counterfeiting of a federally registered trademark, 15 U.S.C. § 1114(1), and (2) false designation of origin and unfair competition, 15 U.S.C. § 1125(a). Hoop Culture sought injunctive relief, an accounting of Gap's profits, and damages. Shortly thereafter, Hoop Culture moved for a preliminary injunction to stop Gap from selling t-shirts bearing the mark. Gap filed an answer to the complaint and a counterclaim for cancellation of trademark registration.

The district court held an evidentiary hearing on August 10, 2015, and, following the hearing, entered an order denying Hoop Culture's motion for a preliminary injunction. The court concluded that Hoop Culture had not shown that it was substantially likely to succeed on the merits of the case or that it would be irreparably harmed if an injunction did not issue. Hoop Culture now appeals.

## II. Standard of Review

We review a district court's denial of a preliminary injunction for "a *clear* abuse of discretion." *Siegel v. LePore*, 234 F.3d 1163, 1175 (11th Cir. 2000) (*en banc*) (emphasis in original); *E. Remy Martin & Co., S.A. v. Shaw-Ross Int'l Imports, Inc.*, 756 F.2d 1525, 1529 (11th Cir. 1985). We review the district court's

findings of fact for clear error and its conclusions of law *de novo*. *N. Am. Med. Corp. v. Axiom Worldwide, Inc.*, 522 F.3d 1211, 1216 (11th Cir. 2008).

## III. Discussion

A district court may grant a preliminary injunction only if the movant makes four showings: (1) the movant enjoys a substantial likelihood of success on the merits of the underlying case; (2) the movant would suffer irreparable harm without an injunction; (3) the harm suffered by the movant if no injunction issued would exceed the harm suffered by the opposing party if it did; and (4) the injunction would not disserve the public interest. *Siegel*, 234 F.3d at 1176. "In this Circuit, "[a] preliminary injunction is an extraordinary and drastic remedy not to be granted unless the movant clearly established the burden of persuasion as to each of the four prerequisites." *Id.* (internal quotation marks omitted). Only the first two prerequisites are at issue in this appeal.

The Lanham Act prohibits the unauthorized use in commerce of "any reproduction, counterfeit, copy, or colorable imitation of a registered mark" that is likely to cause confusion about the source of the good or service. 15 U.S.C. § 1114(1)(a). To prevail on a claim of trademark infringement, Hoop Culture must establish that (1) it possesses a valid mark; (2) Gap used the mark in commerce in connection with the sale or advertising of goods; and (3) Gap used the mark in a

5

manner likely to confuse consumers.[1]  *N. Am. Med. Corp.*, 522 F.3d at 1218.  The district court found that Gap had presented a viable defense to the validity of the mark and that Hoop Culture had not shown a likelihood of consumer confusion.

Hoop Culture challenges various aspects of the district court's merits ruling. With regard to the validity of the mark, Hoop Culture asserts that the court failed to give any presumption of validity to its trademark and, relatedly, improperly shifted the burden of proof to Hoop Culture to prove that its mark was valid.  As for the likelihood of confusion, Hoop Culture charges that the court erred in affording Gap a "good faith" defense, improperly required Hoop Culture to produce evidence of actual confusion, and failed to acknowledge that Gap's shirts were counterfeits.

However, we need not decide Hoop Culture's merits arguments to resolve this appeal, so we do not reach the merits at this time.  "A showing of irreparable injury is the sine qua non of injunctive relief."  *Siegel*, 234 F.3d at 1176 (internal quotation marks omitted).  Even if Hoop Culture could establish a likelihood of success on the merits, the absence of a showing of irreparable injury, "would, standing alone, make preliminary injunctive relief improper."  *Id.*

---

[1] The elements of Hoop Culture's claim for false designation of origin, 15 U.S.C. § 1225(a), are for purposes of this case the same as its claim for trademark infringement, 15 U.S.C. § 1114(1)(a).  *See Custom Mfg. & Eng'g, Inc. v. Midway Servs., Inc.*, 508 F.3d 641, 647-48 (11th Cir. 2007).

The district court determined that Hoop Culture had not shown that it would suffer irreparable harm if an injunction did not issue. The court based its determination on the following findings: Hoop Culture had not lost market share over Gap's selling of the shirts; no testimony showed that those who purchased the shirts from Old Navy would have purchased shirts from Hoop Culture; Hoop Culture did not offer persuasive evidence of brand confusion; Gap would be selling out of the shirts in the next two months and would not be reordering; and any injuries sustained could be cured by monetary damages. The district court also declined to afford Hoop Culture a presumption of irreparable harm because it failed to establish a likelihood of success on the merits.

In challenging the district court's no-irreparable-harm determination, Hoop Culture does not argue that it independently offered proof, based on the specific facts of this case, showing that it would be irreparably harmed without an injunction. Nor does Hoop Culture argue that the court erred in finding a lack of irreparable harm based on the findings set forth above. Instead, Hoop Culture's sole contention is that it was entitled to a presumption of irreparable injury once it established a likelihood of success on the merits.

In the past, this Circuit, like many others, afforded a "presumption" of irreparable harm in trademark-infringement cases once the plaintiff established a likelihood of success on the merits. *N. Am. Med. Corp.*, 522 F.3d at 1227. But the

7

Supreme Court's decision in *eBay Inc. v. MercExchange, L.L.C.*, 547 U.S. 388, 126 S. Ct. 1837 (2006), "call[ed] into question whether courts may presume irreparable harm merely because a plaintiff in an intellectual property case has demonstrated a likelihood of success on the merits." *N. Am. Med. Corp.*, 522 F.3d at 1227-28 (concluding that *eBay*, which addressed a permanent injunction in a case of patent infringement, also applied to a preliminary injunction in a case of trademark infringement).

The Court in *eBay* held that courts must apply the four-factor test—set out at the beginning of this discussion section—and exercise their discretion to grant or deny injunctive relief "consistent with traditional principles of equity" based on the facts of the particular case. *eBay*, 547 U.S. at 393-94, 126 S. Ct. at 1840-41. In doing so, the court admonished both the district and appellate courts in that case for applying categorical rules to decisions about injunctive relief. *See id.* ("[T]raditional equitable principles do not permit such broad classifications."). Specifically, the Court rejected the court of appeals' "general rule . . . that a permanent injunction will issue once infringement and validity have been adjudged." *Id.* at 393-94, 126 S. Ct. at 1841.

Then, in *Winter v. Natural Resources Defense Council, Inc.*, the Court underscored the plaintiff's burden to show a likelihood of irreparable harm that would occur without a preliminary injunction. *See* 555 U.S. 7, 20-22, 129 S. Ct.

365, 374-75 (2008).  A preliminary injunction may not be entered "based only on a 'possibility' of irreparable harm."  *Id.* at 21-22, 129 S. Ct. at 375.[2]

All of this is not to say that a presumption of irreparable harm or something like it will never be an appropriate exercise of the district court's equitable discretion.  In *North American Medical Corp.*, for example, we indicated that a presumption of irreparable injury may be "an appropriate exercise of [the district court's] discretion in light of the historical traditions" where "the particular circumstances of the instant case bear substantial parallels to previous cases" in which irreparable harm has been found.  *N. Am. Med. Corp.*, 522 F.3d at 1228 (citing *eBay*, 547 U.S. at 394-97, 126 S. Ct. at 1841-43 (concurring opinions of Chief Justice Roberts and Justice Kennedy, representing the views of seven Justices)).  What matters is that the court exercises its discretion in light of the facts of the case and does not simply apply a categorical rule.

Here, Hoop Culture cannot rely solely on its likelihood of success on the merits, which we have assumed for purposes of this discussion, to establish a likelihood of irreparable harm.  *See eBay*, 547 U.S. at 393-94, 126 S. Ct. at 1840-

---

[2] Following *eBay* and *Winter*, at least two circuit courts have held that applying a presumption of irreparable harm in trademark-infringement cases is no longer permitted, *Ferring Pharm., Inc. v. Watson Pharm., Inc.*, 765 F.3d 205, 216-17 (3d Cir. 2014), *Herb Reed Enters., LLC v. Fla. Entm't Mgmt., Inc.*, 736 F.3d 1239, 1249-50 (9th Cir. 2013), while at least four others, including this circuit, have held or indicated that no presumption of irreparable harm applies in cases of copyright infringement, *Flava Works, Inc. v. Gunter*, 689 F.3d 754, 755 (7th Cir. 2012), *Salinger v. Colting*, 607 F.3d 68, 79-80, 82 (2d Cir. 2010), *Peter Letterese & Assocs., Inc. v. World Inst. Of Scientology Enters.*, 533 F.3d 1287, 1323 (11th Cir. 2008), *Christopher Phelps & Assocs., LLC v. Galloway*, 492 F.3d 532, 543 (4th Cir. 2007).

41; *N. Am. Med. Corp.*, 522 F.3d at 1228; *cf. Peter Letterese & Assocs., Inc. v. World Inst. Of Scientology Enters.*, 533 F.3d 1287, 1323 (11th Cir. 2008) ("As the Supreme Court [in *eBay*] has observed, a permanent injunction does not automatically issue upon a finding of copyright infringement.").  Hoop Culture must actually show based on the facts of this case that irreparable harm was "likely," not merely possible, in the absence of an injunction.  *See Winter*, 555 U.S. at 20-22, 129 S. Ct. at 374-75.  Nor has Hoop Culture identified any "substantial parallels" between this case and previous cases in which irreparable harm has been found.  *See N. Am. Med. Corp.*, 522 F.3d at 1228.

In any case, we need not and do not made any express holding about the effect of *eBay* on this specific case or this circuit's presumption of irreparable harm more generally.  We conclude that, in any case, the district court's findings of facts were sufficient to rebut any presumption of irreparable harm that may have applied.

Two particularly salient facts found by the court flatly contradict Hoop Culture's claim that it will suffer irreparable harm without an injunction.  First, Gap expected to sell out of the shirts bearing the phrase EAT SLEEP BALL in October 2015, about two months after the evidentiary hearing and around the time Hoop Culture filed its initial appellate brief with this Court.  Hoop Culture has not

10

challenged this finding as clearly erroneous.  So, as far as we are aware, Gap is not currently selling any shirt allegedly bearing Hoop Culture's mark.

Second, Gap had no future plans to sell shirts bearing the phrase EAT SLEEP BALL once it sold out.  In these circumstances, an injunction barring Gap from selling shirts it does not have and has no plans to sell in the future would be unnecessary, at best, and would do nothing to prevent further harm to Hoop Culture.  To the extent that Hoop Culture has been irreparably harmed by Gap's past actions, past harm is not a basis for preliminary injunctive relief, which requires a showing of likely future injury if an injunction does not issue.  *See Siegel*, 234 F.3d at 1176-77.

In sum, the district court did not abuse its discretion in finding that Hoop Culture did not meet its burden of showing a likelihood of irreparable injury.[3] Because proof of irreparable injury "is an indispensable prerequisite to a preliminary injunction," *id.* at 1179, Hoop Culture is not entitled to a preliminary injunction at this time, even assuming it is likely to succeed on the merits, which is an issue we do not reach.  Accordingly, we affirm the district court's order denying preliminary injunctive relief to Hoop Culture.

---

[3] Hoop Culture also argues that the district court erred in excluding evidentiary materials that Hoop Culture sought to introduce at the evidentiary hearing but did not submit with its motion for a preliminary injunction.  However, the district court did not abuse its discretion in excluding these materials because a local rule provides that "[s]ervice of all papers and affidavits on which the moving party intends to rely must be served with the motion" for a preliminary injunction, U.S. Dist. Ct. for the M.D. Fla., Local Rule 4.06(b)(2), and Gap had no opportunity to prepare a response to materials it learned of for the first time at the evidentiary hearing.

11

**AFFIRMED**.